## WM. C. H. BARTON

*v.*

## THE STATE OF ILLINOIS.

*Opinion filed January 7, 1890.*

1. COMMISSION OF CLAIMS—*what powers are conferred upon it by statute.* The statute creating this Commission of Claims provides that the Commission shall have power to hear and determine all claims against the State for taking or damaging private property by the State for public purposes in the construction or for the use of any State institution, river, canal or other public improvement, which have not been already barred by any statute or law of limitation.

2. STATUTE OF LIMITATIONS—*provisions of act of 1847.* An act of the General Assembly of the State of Illinois to limit the time for persons to bring claims against the State of Illinois, approved March 1, 1847, provides that all unliquidated claims against the State shall be proved up and filed with the Auditor of Public Accounts within two years from the time such claims may have arisen and any claim not proved up as above and filed shall be forever barred from any payment by the State.

3. SAME—*damages arising from the construction of dam.* A cause of action for damages arising from the construction of a dam accrues at the date when the dam is closed and claimant's petition must be filed within two years from that time.

*Fairbanks v. State, ante page 1 followed.*

The petition filed in this case alleges that claimant was the legal owner of 461.64 acres of land in Peoria county, Illinois, at the time and from the construction of the Copperas Creek dam across the Illinois river by authority of the State of Illinois; that before said dam was erected nearly all of said lands had for years prior to building said dam been cultivated by claimant; that the construction of said dam caused the water to back up to such an extent as to overflow nearly all of said lands and to hold the water on said lands so long that for the purpose of cultivation said lands were worthless; that the crop for the year 1878 was entirely destroyed and the crop of 1879 nearly all lost by reason of such high water. The amount of damages claimed is $5,231.00.

To this petition the Attorney General on behalf of the

State files a plea that said claim is barred by the statute of limitations.

The statute creating this Commission of Claims provides that the Commission shall have power to hear and determine all claims against the State for taking or damaging private property by the State for public purposes in the construction or for the use of any State institution, river, canal or other public improvement, which have not been already barred by any statute or law of limitation.

An Act of the General Assembly of the State of Illinois to limit the time for persons to bring claims against the State of Illinois, approved March 1, 1847, provides that all unliquidated claims against the State shall be proved up and filed with the Auditor of Public Accounts within two years from the time such claims may have arisen, and any claim not proved up as above and filed shall be forever barred from any payment by the State.

The Copperas Creek dam was completed October 21, 1877. The construction of this dam is the only cause of complaint set out or claimed in this petition. The petition was filed with the Auditor of Public Accounts April 28, 1880, more than two years after the construction of said dam. The statute of 1847 above referred to is still in force, and the petition in this case not having been filed within two years from the construction of said dam, the claim is barred by the statute of limitations above referred to, and is therefore rejected. For further particulars reference is had to the opinion filed in the case of Wm. R. Fairbanks for use First National Bank of Lacon.